UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

BRIAN VICKERS,   Case No. 9:07-bk-00113-ALP
                Chapter 7 Case

____Debtor.____/
DIANE JENSEN, Chapter 7 Trustee,

   Plaintiff,
v.                Adv. Pro. No. 9:08-ap-00129ALP

VILLA REALTY GROUP, INC.,

   ____Defendant.____/

## MEMORANDUM OPINION DISMISSING TRUSTEE'S COMPLAINT

THE MATTER under consideration in this Chapter 7 case of Brian Vickers (the Debtor or Vickers) is a Four-Count Complaint filed by Diane L. Jensen, the Trustee of the estate, suing Villa Realty Group, Inc. (Villa) for damages, including interest, costs and attorney's fees on real estate commissions allegedly due and owing to the Debtor by Villa.

In Count I of the Complaint, the Trustee claims a Breach of Contract by Villa to Vickers stemming from the fact that Vickers procured the purchasers on

the sale of a Villa Casa Home to Michael E. Workman and Lynn A. Fox (Workman Contract). Upon closing, according to the Complaint, the Debtor was due a total commission of $10,988.82 and Villa failed to pay the full amount, leaving a balance due to Vickers in the amount of $5,685.49.

In Count II of the Complaint, the Trustee claims a Breach of Contract by Villa to Vickers stemming from the fact that Vickers procured purchasers on a Grandiosa III – two story Villa Casa Home to Robert and Jean Van House (Van House contract). The Trustee contends that the Debtor was entitled to the full commission amount of $13,727.28. Villa failed to pay the full amount of commission due under the Van House Contract and the remaining balance due to Vickers pursuant to the contract is $13,727.28.

In Count III of the Complaint, the Trustee claims Unjust Enrichment stemming from the Workman Contract and again alleges that Villa failed to pay Vickers on the Workman Contract the full amount of $10,988.82, leaving a balance due of $5,685.49.

In Count IV of the Complaint, the Trustee claims Unjust Enrichment stemming from the Van House Contract and again alleges that Villa failed to pay the $13,727.28 commission owed to Vickers.

The Trustee demands judgment against Villa for damages, including interest, costs and attorney's fees and for such other and further relief as this court deems just and proper on all four Counts.

In due course, Villa filed its Answer and denied any liability in Count I, the Workman Contract, and Count II, the Van House Contract, contending that the Debtor was not entitled to the amounts sought. Villa contends that the total amount due under the Workman Contract was based on a payment of commissions on the sale price of $377,570.00. Villa further contends that the commission to be paid on the Workman Contract was five (5%) percent with two (2%) percent being paid to the co-broker and, therefore, the Debtor's share of commission, after deduction of an outstanding invoice owed by Vickers to Villa Realty, totaled $5,303.33, which was paid to Vickers on April 23, 2006.

Villa asserts that pursuant to the customary business practices of Villa, the total commission due to Villa on the Van House Contract was based on the total base for payment. Villa asserts that the total commission due to Villa was four (4%) percent of the adjusted amount of $459.931.54, or the amount of $18,397.27 that was the commission to be shared by the co-agent Ted Cascadden and the Debtor. Thus, the percentage amount due to Vickers was $4,599.32. Villa is ready, willing and able to pay the Trustee sales commissions of $4,599.32 which Villa believes is owed to Vickers under the Independent

Contract Agreement. Villa stands ready and willing to deposit the same into the Registry of the Court.

Villa's answers to Counts III and IV of the Complaint contain general denials.

At the commencement of the trial, counsel for the Trustee announced that Counts I and III of the Complaint having to do with the Workman Contract were being dismissed. Thus, the sole dispute before this Court is limited to the claims with respect to the Van House Contract described in Counts II and IV of the Trustee's Complaint.

Counsel for the Trustee also presented a Stipulation of Facts, whereby the parties stipulated that: (1) the contract dated November 16, 2005, between Villa and Van House contains the material terms of the Contract between the parties. (Plaintiff's Exhibit 1); (2) The transaction referenced in the Van House Contract actually closed in 2006 after Vickers left his contractual relationship with Villa; (3) The Independent Contractor's Agreement between Vickers and Villa shown at Tab 3 of the Plaintiff's exhibit book is a true and accurate copy of the contract between Vickers and Villa relative to compensation to be paid by Villa to Vickers (Plaintiff's Exhibit 3); (4) The Van House Contract was concluded and Villa was paid by Van House the price referenced in the Contract in early 2006.

The center of the dispute between the parties is limited to the entitlement

of the Debtor to the entire commission or the commission must be shared between the Debtor and Ted Cascadden of Villa Realty who contends that he acted as co-agent on the Van House Contract. The transaction, as described by the evidence, is a paradigm of the unorthodox fashion in which the parties dealt with the entitlement of commissions earned on real estate transactions.

Apparently, according to Vickers, he was the procuring agent in the sale on the Van House Contract. Based on his oral, undocumented testimony, he had numerous contacts with the buyer; he mailed the brochure to the buyers; and when the buyers visited the site, he dealt with them directly. However, according to the documentation submitted at the trial, the Villa Homes of SW Florida Model Home Registration sheet was signed by Ted Cascadden (Defendant's Exhibit 1), indicating that he had meet with the client, which is the determinative factor of who is entitled to the commission.

In opposition to Trustee's claim, the principal of Villa testified, first of all, that the base amount on which the commission is to be computed was incorrectly calculated by the Trustee and should have been based on the formula set forth in the Villa's answer to Count I. According to the witness, the total purchase price on the Van House Contract was $490,259.93, bringing the total base for the payment of commission, with addendums, to $459,931.54. This commission was to be shared with Ted Cascadden who, according to the

witness, assisted with bringing the sale to completion. The total commission, based on four (4%) percent, was $18,397.27, and that amount was to be divided according to the Independent Contractor Agreement executed on January 6, 2005, between the Debtor and Villa. The Debtor's percentage share at the time of closing was fifty (50%) percent of the commission, which was actually sixty (60%) percent reduced by ten (10%) percent due to the fact the Debtor left Villa prior to the Van House construction loan closing. Based on the percentage due, Villa was entitled to $9,198.64 and the remaining balance of $9,198.64 was to be divided equally between the Debtor and Ted Cascadden. Therefore, the Debtor's share of the commission due on the Van House Contract is $4,599.32.

The burden of proof is, of course, on the Plaintiff who must establish by the preponderance of the evidence that it is entitled to the full amount of the commission claimed. It is without dispute that Villa paid Ted Cascadden his share and offered to pay the balance to the Debtor. This being the case, this Court is satisfied that the evidence presented is in equilibrium and, therefore, the Trustee failed to establish the requisite degree of proof for its claims against Villa. Be that as it may, and since Villa agreed to submit the balance due of $4,599.32, into the Registry of this Court, this Court is satisfied that the Complaint shall be dismissed, provided that Villa either pays the amount due to the Trustee within fifteen (15) days from the entry of this Order. If the Trustee

refuses to accept the amount of $4,599.32, Villa is absolved of any and all liabilities under the Independent Contract Agreement, by submitting the same into the Registry of the Court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Complaint be, and the same is hereby dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Defendant, Villa Realty Group, Inc., shall pay the Trsutee the amount of $4,599.32, within fifteen (15) days from the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that if the Trustee refuses to accept the said sum of $4,599.32, in full and final settlement of the amount due under the Van House Contract pursuant to the Independent Contract Agreement, the Defendant, Villa Realty Group, Inc., is absolved of any and all liabilities due under the Agreement, by submitting into the Registry of the Court the total sum of $4,599.32.

DONE at Tampa, Florida, on ___JAN 2 7 2009___.

                                                    ALEXANDER L. PASKAY
                                                    United States Bankruptcy Judge